Please call the next case. 313-061. People of the State of Illinois. Appellee by Thomas Serrato. The Duncan Johnson Appellant by Christopher Bendick. Mr. Bendick. Good morning, Your Honors. Good morning, Counsel. May it please the Court. My name is Chris Bendick from the Office of the State Appellate Defender. I represent the Appellant Duncan Johnson before you today. I intend to argue both issues in the briefs, starting with the inventory search issue first. Officers violated Duncan Johnson's Fourth Amendment right to be free from unreasonable searches when they conducted a warrantless inventory search of his car, even though the car was legally parked on private property. Correct. The officer testified that the car was legally parked on private property. It is undisputed. Would you think it would have been reasonable for the police to lock that car up, throw your client in the back of a squad car, and just leave that car sitting at a gas pump? I mean, what do you think the next thing was going to happen? Wouldn't the owner have called the cops and said, hey, my pump's parked? And it is for the State to demonstrate that the owner called. However, Officer Cancellosi testified that the gas station owner did not call in this instance. And Officer Cancellosi knew that the gas station owner could do that. In the past, the gas station owner had. So Cancellosi knew what the proper procedure was. In your wildest imagination, can you imagine that he wouldn't have called and said, my pump's, you left the car here locked up. I'm in the business of selling gasoline. This car is in front of one of the machines that dispenses gasoline. Can you imagine any possibility that the owner wouldn't have said, hey, what are you doing? Get that car out of here. This is the State's burden to demonstrate justification for the warrantless search here. So they had to provide some evidence that the owner did request it in this instance. And was there support for that? Correct. People B. Spencer and progeny before that, if this is a warrantless search, the State, in order to have the inventory search exception apply, must present evidence that the inventory search exception applies. It did not in this instance. This was a legally parked car on private property, even according to Officer Cancellosi's testimony. The original impoundment here was unlawful where the car was legally parked and it did not present a public safety hazard. People B. Spencer is on all fours with this case. First district decision from 2011. Where was the car parked in People B. Spencer? It was in a school parking lot. It's unclear if it was in a spot or if it was just parked in a lot. But the defendant there parked it in the private legally parked car in a space potentially. I don't think it's – doesn't everybody assume that you can park a car in front of a gas pump as long as you're pumping gas and there may be a way to go and pay for the gas, but you can't – would any person assume, for example, oh, there's a parking spot next to a gas pump, I'll park there and then I'll walk across the street to the strip mall and shop for a couple of hours? And exactly that's why People B. Spencer is on all fours with this case because in People B. Spencer, the court – the state attempted to present evidence that the car was not allowed to be in that lot past a certain hour. They introduced a 2011 school procedure. However, that case occurred in 2006. So even in that case, they kind of considered the potential that there might be a regulation for moving the car. Here, the state hasn't even demonstrated that. The state needed, in order to justify the search here, present that evidence in the court below. It has not. Is the judge required to ignore the circumstances of where the vehicle was parked and the circumstance that the driver was going to be taken away and the passenger couldn't move the car? No, not at all. But it was still, according to Officer Cancellosi's testimony, legally parked on private property. And case law for 30 years in this state has said the car is legally parked on private property unless there has been a specific request from the private property owner to remove the car. The inventory search exception does not apply. The original comment was not correct. People be Valdez, people be Schultz. Both private property. One was a lounge. I believe that was Schultz. Valdez was a lounge. Both had no request from the private property owner or the commerce owner. Those searches were found to be invalid and the items that were found there were suppressed. That's what needs to happen in this case. This is not novel law. People be Spencer, people be Valdez, people be Valdez. All dictate the result here. The original comment here was not valid. Let's suppose that there's just a gas station attendant working there. There's not an owner, some kid, 20 year old or whatever, working there. And he tells the officer, if you can't move that car there, you're blocking our pumps. Would that have been enough? Or would we have to have the owner of the property? No, I believe if it had been an agent of the property, which would be the gas station attendee at that point, it's an agent of the owner, that would suffice. However, that evidence was not presented here. And in fact, Officer Cancellosi knew that was the proper procedure to follow because she had... Who made the phone call to the police? Excuse me? Who called the police? The gas station, about the possibility that person had been intoxicated. Since they invite the police officer there and say, hey, resolve this problem, why is the officer required to ask the question? The officer, in order to remove a car from private property, needs to have a specific request from the owner or an agent of the owner. That did not happen here. And this again goes back to... The owner or the agent of the property, not the vehicle. Yes, of the property, yes. And again, this goes back to the state's burden to demonstrate this in the court below because this is an exception to the Fourth Amendment. This is not consent-based. It's not search-intuitive to arrest. It's a warrantless search. So this is the state's burden below. They did not demonstrate this below. And it's not even attempted on appeal to supplement the record with some sort of judicial notice of rules and regulations for the jurisdiction. The state also failed to present any credible evidence that Duncan's car was impeding any traffic at the car, at the pump. Officer Cansalosi testified that, quote, it was pretty close to the gas pump, maybe closer than normal. I parked further away from that. That's me. Under that, it's not even impeding any traffic. And in fact, the circuit court found it wasn't impeding traffic in the lot. It was impeding ingress and egress to that specific pump. However, the court said that this was towed for the convenience of the owner. However, we know that there was no specific request from the owner. And mere inconvenience cannot equal a public safety hazard under the original impoundment of his car. Well, you never have a public safety hazard on a private property. I mean, if you had a car on fire, I mean, there's potentially a situation where a car was on fire. We're outside of public safety. That's on the public way, right? At least with respect to... So if I'm the owner of a property, certainly, I don't have to... I can ask the police to remove vehicles that are parked on my... trespassing into my property without my permission. If they're illegally parked, an owner could request that. That's not occurred in this case. Did your client own this car? It's unclear from the record whether my client owned the car, who was the ownership of the car, as far as I understand. I know that he had the keys to the car. He was pumping gas into the car. There was a passenger in the front seat. So if he wasn't the owner of the car, can he even raise this issue about the impoundment? For Fourth Amendment purposes, he can raise that the search of the car and any belongings inside of it is either passenger, whether he's a passenger or a... Okay, answer me this one. You represent a client, and this client has been charged with trespassing. He says, because he went to the gas station, thought that's a good parking spot. The gas car pumped it, locked it up, walked across the street, and went chopping for two hours. He comes back, and he says, where's my car? And he says, we had it towed because it was blocking our pump. And by the way, he's going to give you a ticket for trespassing for leaving your car there. Do you think that would be a valid charge? That he had to be charged with trespassing for parking your car in front of a gas pump and locking it up and walking away from it and going shopping? In that situation, you would need some sort of notice to the person that's coming onto the property. You'd need some sort of proof that he was put on notice that he couldn't park at that pump, that that would be illegal. In order for... Would any sane person in your mind think that that was an okay thing to do? Pull your car into parking in a gas station, pull up to the pump, gas up or not gas up, turn the key off, lock it, and walk across the street, and go shopping for a while, have a couple beers and a burger at the Buffalo Wild Wings, and then come back and say, where's my car? What are you doing with my car? There's no sign that said no parking there. Again, I turn it to this case regarding the state's burden to demonstrate that the car could be towed in that situation by the owner. The state has not presented that evidence here. Well, I mean... Do you think any reasonable person thinks it's okay to park a car in a gas pump, leave it, and walk away? The test is not the reasonableness of the person parking the car. The test is regarding whether the officer had the permission to remove the car from the owner. Didn't have that in this case. There is no evidence of that, and that was the state's burden to demonstrate. So when the tow truck came, did the owner come out and say, hey, when are you going to leave that car there? Potentially. I mean, we don't know. In this hypothetical, maybe the guy that's leaving the car at the pump is the buddy's owner, and says, yeah, sure, leave it there, because I know it's going to be safe, and I can see it on my cameras from inside the store. That's a hypothetical. This case turns on the officer saying it was legally parked, had no request from the gas station owner, the original impoundment was invalid, therefore the inventory search exception does not apply in this case. And because the inventory search does not apply, the drugs must be suppressed. Because the drugs must be suppressed, this court must reverse Duncan Johnson's conviction of possession of controlled substance, because absent the drugs, there is no case here. Turning to the second issue, if your honors have no other questions on the inventory search issue, even if this court does not reverse on the first issue, it should still reverse on the second issue, because the state failed to prove its case beyond reasonable doubt. Duncan was never seen inside the car. Ricky Polk was the only person inside of the car within reach of the narcotics. The drugs were found in an unlocked console. Duncan made no furtive movements towards the car upon Officer Cancellosi's approach, nor towards the drugs. And finally, there was no forensic evidence tying Duncan to the drugs. At best, there's two ambiguous statements that Duncan made in custody, and those cannot satisfy the state's burden beyond reasonable doubt. If your honors have no further questions, whether under issue one or two, we ask this court to reverse the conviction of Duncan Johnson. Thank you, your honors. Thank you. Mr. Arandel. Good morning, your honors. Thomas Rowland, behalf of the people. I just want to point out I have a student from my criminal law class at NIU attending to see the glories of the public works, so. Are you hoping we might be nice to you? No, please don't be. I'm just saying you don't get your hopes up. Yeah, yeah, exactly. Let's go straight to issue two, the reasonable doubt issue. Why isn't there reasonable doubt? Well, first, actually, the dispatcher testified that she was able to determine that the defendant was the registrant of the vehicle. So there is evidence that he was, in fact. He was the owner? Owner. The license plate was what she did have? License plate, correct. Also, he had the keys for the vehicle. So the searching, once the search was conducted and the drugs were found, the question was whose drugs are they? When the officer went to book the defendant and visit him in his cell, Andrews arrested on outstanding warrants. Let's assume the statements that the defendant made to the officer are ambiguous, as your opponent states. Can you discuss the evidence in the counsel of the car that he was the registered owner of? Well, it was in a compartment that was not easily open. You had to open the compartment. So being the owner of the vehicle, there's an assumption that anything found in the compartment of the vehicle is probably more than likely yours. And, of course, any ambiguities involved in the evidence have to be resolved by the trier of fact, people versus columns. What's the case law say about immediate control? Immediate control. Well, if you have immediate control, obviously that is, you know, I can't give you a case law off the top of my head here, but generally immediate control of the vehicle, it's constructive possession. When there's multiple people in a vehicle, you have to consider whether they are within arms, within the reach of the person, whether they are on the same side of the vehicle, whether the owner of the vehicle, whether they have control of the vehicle, and those types of questions. So even though we have another person in the vehicle, in this particular case, the defendant was the registered owner of the vehicle, had the keys of the vehicle, appeared to be the driver of the vehicle because the other person was in the passenger seat at the time that the police arrived, and had indicated to the clerk at the gas station that he was getting back out on the road after he pumps his gas. So all that considers that he had constructive possession of the vehicle and anything that's inside that vehicle, particularly any compartment of that vehicle, would be his. Now, the fact that the defendant voluntarily offered the drugs aren't his statement, when the officer didn't say, hey, we found drugs, are those his or are those yours? None of that question was asked in front of him. He voluntarily said, hey, the drugs aren't his. That's claim responsibility for those drugs. Ambiguity? Well, I think the prior fact would say, he was claiming all the drugs that were found in the vehicle. So I think, again, the people versus Collins, the prior fact is resolving any ambiguities. And determined credibility. There was a comment in the briefs about the credibility of the officers' testimony. Again, that's not something that is arguable, considering there's no testimony against it, and the prior fact, again, resolves any credibility issues. I know I short-circuited your argument, which seems like I do that a lot to you. But do you want to go back and tell us whether we have an opportunity to make new law with respect to the inventories? Well, is it entirely new law? I think it's slightly interpreting what we have in the cases that we have. Was this private property? There's no question it's a gas station. It's not owned by the public. However, it is open to the public, and the public has a right to ingress and egress from the property. So in the context of is this public property, I think for our purposes of determining whether the officer has the right to move a vehicle that is inconveniencing the public's ability to access the property, I think that that falls within the case law. I mean, Mason talks about how, you know, the inter-search must be conducted in good faith and not as pretext, and they have the right to seize or move vehicles, not in the context of streets, but seize or move vehicles impeding traffic or threatening public safety and convenience. Now, this isn't merely sitting in the middle of the parking lot of the gas station. This isn't at a parking spot at a gas station. It is at a gas pump. I think we've seen videos, et cetera, of cars that get into accidents and hit the gas pumps, and there's explosions. So is there a potential danger for a vehicle being left there constantly and unattended? I believe that the officer did testify that there was some danger of an accident if that vehicle was left with people trying to squeeze through. And the trial judge even pointed out, you know, the officer testified it was impeding the flow of traffic. I don't know if you can call it traffic, but the ingress and egress to the particular pump, I think it would interfere with the convenience of the owners. And again, as Justice Schmidt, you pointed out, the fact that a person cannot simply leave a car there and leave it unattended for an indeterminate amount of time. Now, it is a temporary spot that you're allowed to be at. The owner would have probably done it, and he had done it in the past. The officer had testified that previously they've been asked to move vehicles. So it was within the officer's knowledge and their discretion to move the vehicle. Well, if the state's burden proved that you had to be removed, right, then what exactly is your burden beyond a reasonable doubt on that issue? Well, it's not beyond a reasonable doubt. I mean, that's a standard to determine whether or not the, I would suggest, it's probably a manifest way of the evidence. I mean, I can't think offhand. Now, question of law is de novo, but the trier of facts, fact determinations are subject to deferring to the trial judge. And he, I mean, I would argue that his finding that it was impeding the flow of the ingress and egress is sufficient. Well, was there any evidence presented to the trial court that the defendant intended to permanently park the car there for a significant period of time? Well, no, the problem was once he was arrested on the move. The defendant said it himself. I was pumping gas, and then I was going to go. He didn't even have an intention to stay there. It's unlike the school case where the student parks the car and goes into the school. Well, the problem was that the defendant wasn't going to have an opportunity to move the car because he was arrested for the outstanding warrants. So when he turned the key off, he didn't intend to stay. He didn't intend to go. Yeah, but the vehicle was going to be there because he couldn't move it, and the passenger couldn't move it because he didn't have a license. So the mere fact that he intended to move it doesn't change the fact that the vehicle was there and wasn't going to be moving any time soon because the police had arrested the driver. So whatever his intentions were initially ended at the point that he was arrested. The point I'm trying to make is he didn't pull his car into a lawful parking spot that's used for people that are intending to stay for a significant period of time. You know, like an employee pulls in, parks, stays for eight hours. Oh, right. I mean, when I put gas, I read the part that says you can't even leave your car unattended. Right, right. Yeah, I mean, the warnings are very clear. Obviously that's not on the record, but we can certainly understand from our own experiences about those things. So anyway, we would request that this court affirm based on the arguments that we've presented and if there's no other questions. Okay, thank you, Mr. Romano. Thank you, Your Honor. Mr. Bendix and Mr. Romano, before you get wound up here, let me ask you this. What is the burden of proof on the state to show that the property owner wanted to move or would want to move? As I understand it, at the pre-trial stage, it's preponderance of the evidence standard, Your Honor. Turning to the first issue here, Kansalosi twice admitted, quote, we don't just let vehicles sit. So if you want to say that's the main reason I did it, that would be the main reason along with we don't leave vehicles unattended anywhere. That is a blatantly unconstitutional policy. Just like in Spencer, the same sort of testimony was presented. I think addressing Justice Wright's question about that he wasn't intending to park the car permanently, people view Spencer, the defendant, was not either. He had been basically pulled into the lot to be arrested at that point. He was being arrested for pandering. So it's the same situation and it was for the state to demonstrate that it was a illegally parked car. The state's burden here did not demonstrate that in this case. And I think as counsel did mention that Mason, the difference between Mason and this case, Mason was a public way case and there was a state statute allowing for the towing of that car in that case. I think it was a failure of insurance issue in that case. Again, turning that the owner here had to specifically request for this car because Officer Cransolosi had received requests in the past, does not import the ability to tow the car in this case. In fact, it demonstrates why her tow, her inventory search was illegal here. Wouldn't the gas station folks have called the police? Would the gas station folks have called the police? No, did they call the police originally? They did call the police originally under the auspice that potentially there might have been an intoxicated driver. And if you call the police and have somebody arrested, aren't you really looking forward to that person when they get out of jail coming back and visiting you? Whatever the concern is about the defendant coming back to the property, the gas station employee or owner would have to make a specific request to remove the vehicle of that person if that person were arrested for driving under the influence. This is legally parked car, according to the officer, on private property. And the case law dictates that this was not a valid impoundment, and thus not a valid inventory search, and thus the evidence should have been suppressed. And the trial court's ruling must be reversed. Once the towing process occurred, did the owner or the employee run out and say, no, no, no, no, you get to leave the car here, it's okay? There's no evidence of that, but the record's unclear. This is, again, the state's burden to demonstrate photos, video, didn't present any of that physical evidence in the trial court below, didn't present any evidence of signs or postings saying, your car's going to be towed if you leave it for half an hour, or as you suggested, that we all know that there's postings. Have you ever seen that at a gas station? I haven't seen it at every gas station I've been at. You haven't seen it at any gas station. I've seen it at a gas pump. That your car will be towed. I mean, like I say, everybody drives cars, and we've been going to gas stations. It's just something everybody does. But I take it, I mean, we'd leave that for us, but your bottom line is that without a request, it's not whether what a reasonable gas station owner would have done if he could reasonably expect to do it. Your point is, without a request by that owner, then it's private property, and the toll and associated service were illegal under the case law. Under Schultz, Valdez, and Spencer. That is exactly right, Your Honor. And I do want to say, I know you feel when you walk out of this courtroom like you've been beat up a little bit, but these unusual theft situations are actually very interesting to us. And that's what brings about a change in the law. And that's why you get the big bucks to come in here and put up with us. So I appreciate that both of you have indulged my questions. And, Your Honors, if you have no further questions, we'd ask that you, whether under Issue 1 or Issue 2, reverse Duncan Johnson's conviction. Thank you, Your Honors. Thank you. Thank you also, Mr. Arado, for your arguments here today. This brief matter will be taken under advisement. As I indicated, Judge Flint will be involved in the resolution of this matter. And written disposition will be issued. Right now, there will be a brief recess for panel change from this case. All right.